UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOAN NGUYEN<br>926 S Street, N.W.<br>Washington, D.C. 20001<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSON SELASSIE<br>8385 16th Street, Apt. #E0004<br>Silver Spring, Maryland 20910<br><br>　　　　Defendant. | Case No._____ |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Doan Nguyen, by counsel, and for her Complaint against Defendant Samson Selassie, respectfully states as follows:

### Nature of Case

This is an action for damages arising out of personal injuries sustained by Plaintiff Doan Nguyen as the result of Defendant Samson Selassie's motor vehicle negligence.

### Parties

1.　　Plaintiff Doan Nguyen ("Ms. Nguyen") is now, and at all relevant times has been, an adult resident of the District of Columbia, residing at 926 S Street, N.W., Washington, D.C. 20001.

2.　　Upon information and belief, Defendant Samson Selassie ("Selassie") is now, and at all relevant times has been, an adult resident of the State of Maryland, residing at 8385 16th Street, Apt. # E0004, Silver Spring, Maryland 20910.

### Jurisdiction and Venue

3.   Jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1332 (a)(1).

4.   The amount in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interests and costs.

5.   Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as the events giving rise to this action took place exclusively in the District of Columbia.

### Facts

6.   On or about February 1, 2005, at approximately 10:10 a.m. E.S.T., Ms. Nguyen, exercising due care for her own safety, was traveling southbound on her bicycle on Dupont Circle, N.W. in Washington, D.C.

7.   At all relevant times herein, Defendant Selassie was operating a motor vehicle, specifically a 1997 Toyota Camry, VIN 4HBG22K6VU749055 ("Selassie Vehicle"), and traveling in the eastbound flow of traffic along Dupont Circle, N.W.

8.   At all relevant times herein, the intersection of 19th Street, N.W., and Dupont Circle was governed by a traffic signal.

9.   At all relevant times herein, a crosswalk with a controlling traffic signal existed at the intersection of Dupont Circle and 19th Street, N.W.

10.  Upon information and belief, Dupont Circle is a public roadway.

11.  Upon information and belief, 19th Street, N.W., is a public roadway.

12.  At the aforementioned date and time, Ms. Nguyen lawfully entered the crosswalk located at 19th Street, N.W., and Dupont Circle, and, after exercising care to avoid incident and

observing a "walk" sign from the signal controlling the aforesaid crosswalk, began to cross the southbound portion of Dupont Circle on her bicycle.

13. At the aforementioned date and time, as Defendant Selassie approached the intersection of 19th Street, N.W., and Dupont Circle, the traffic signal controlling the intersection for his lane of travel was red.

14. Selassie negligently and recklessly disregarded the red traffic signal, continued through the intersection and struck Plaintiff Ms. Nguyen as she was lawfully in the aforesaid crosswalk crossing Dupont Circle on her bicycle.

15. As a direct and proximate result of the above collision, Plaintiff Ms. Nguyen was violently thrown onto Defendant Selassie's windshield and then forcibly struck the ground.

16. As a direct and proximate result of the above incident, Plaintiff Ms. Nguyen sustained severe, serious and permanent injuries, including but not limited to, concussion, multiple contusions to her extremities, and pain, tenderness, and limitation of motion of her neck and back.

17. As a further direct and proximate result of the above incident, Plaintiff Ms. Nguyen was caused to sustain property damage in the amount of $198.76 to her bicycle.

18. Title 18, Chapter 2300.2 of the District of Columbia Municipal Regulations provides, in relevant part, that "every operator of a vehicle shall exercise due care to avoid colliding with any pedestrians or any person propelling a human powered vehicle, and shall give an audible signal when necessary."

19. *D.C. Code Ann. §50-2201.28* provides, in relevant part, that "Any pedestrian who has begun crossing on the "WALK" signal shall be given the right-of-way by the driver of any vehicle to continue to the opposite sidewalk or safety island, whichever is nearest." The District

of Columbia Court of Appeals has held that this provision of the D.C. Code is applicable to bicyclists and protects them to the same extent as pedestrians.

20. Immediately following the above incident, Defendant Selassie was issued a ticket for a red light violation by the responding Metropolitan Police Officer.

## COUNT I
### (Negligence)

21. Paragraphs 1-20 above are hereby incorporated by reference as if fully set forth herein.

22. At all relevant times, Defendant Selassie owed Plaintiff Ms. Nguyen a duty of care in controlling and operating the Selassie Vehicle.

23. The aforesaid incident was directly and proximately caused by Defendant Selassie's negligent actions, with no contributing negligence by the Plaintiff Ms. Nguyen.

24. Defendant Selassie's breaches of duties owed to Ms. Nguyen include, but are not limited to: failure to use due care to avoid colliding with other persons, specifically the plaintiff herein, failure to devote full time and attention to the operation of a motor vehicle, failure to yield the right-of-way, failure to obey a controlling traffic signal, failure to operate his vehicle in a non-reckless manner, and failure to keep a proper lookout; all in violation of the motor vehicle laws of the District of Columbia.

25. As a proximate result of the Defendant Selassie's negligence, Plaintiff Ms. Nguyen suffered and will continue to suffer severe pain and suffering, was prevented from pursuing her usual routine, and customary activities, was caused to miss time from work, and was caused economic damages including, but not limited to, expenses for ambulance services, hospital care, diagnostic testing, MRIs, X-rays and other radiological tests, physical therapy,

chiropractic services, rehabilitation and additional medical care, as well as future medical care, rehabilitation and/or surgery.

WHEREFORE, Plaintiff Ms. Nguyen demands judgment against Defendant Selassie as follows:

(1) Compensatory damages in the amount of not less than $500,000.00, which amount will be proven at trial;

(2) All cost associated with this action;

(3) pre- and post-judgment interest as permitted by law; and

(4) Such other and further relief as this Court deems proper.

## COUNT II
### (Negligence *Per Se*)

24. Paragraphs 1-23 above are hereby incorporated by reference as if set forth fully herein.

25. Defendant Selassie owed the public generally, and Plaintiff Ms. Nguyen specifically, statutory duties in the operation of the Selassie Vehicle. Defendant Selassie's statutory duties arose from *D.C. Code Ann.* §§ 50-1731.03, 50-2201.04 and 50-2201.28 (2005 Repl.), and *C.D.C.R.* §§ 18-2103, 18-2000, 18-2207, 18-2208 and 18-2300 (2005 Repl.), and related provisions.

26. The aforementioned statutes and regulations promote public safety and were enacted to protect persons in Ms. Nguyen's position and to prevent the type of incident described above.

27. Defendant Selassie was required to comply with the above statutory duties.

28. Defendant Selassie's statutory duties included, *inter alia*, the duty to not drive distracted, the duty to operate his vehicle in a non-reckless manner, the duty to yield to persons

lawfully crossing the roadway within a crosswalk, the duty to exercise due care to avoid colliding with any pedestrians, the duty to stop one's vehicle upon facing a steady red light, and the duty to obey all other applicable motor vehicle statutes, regulations, and requirements.

29.   As set forth above, Defendant Selassie breached the aforesaid duties to the public, and more specifically to Plaintiff Ms. Nguyen, by *inter alia*, failing to obey the steady red traffic signal controlling the intersection of 19th Street, N.W., and Dupont Circle, failing to operate the Selassie Vehicle in a non-reckless manner, and failing to yield the right of way to the Plaintiff while she was lawfully in a crosswalk.

30.   As a direct and proximate result of Defendant Selassie's negligence, Plaintiff Ms. Nguyen suffered substantial damages, including *inter alia*, those set forth more fully above, and in an amount of not less than $500,000.00, which will be proven at trial.

WHEREFORE, Plaintiff Ms. Nguyen demands judgment against Defendant Selassie as follows:

(1) Compensatory damages in the amount of not less than $500,000.00, which amount will be proven at trial;

(2) All cost associated with this action;

(3) pre- and post-judgment interest as permitted by law; and

(4) Such other and further relief as this Court deems proper.

Respectfully submitted,

DOAN NGUYEN

*/s/ Peter C. Grenier*

Peter C. Grenier, #418570
Jeremy S. Tishler, (DC Bar No. Pending)
Bode and Grenier, LLP
Ninth Floor
Washington, D.C.
(202) 862-4311
Counsel for Plaintiff

## Jury Demand

Plaintiff demands a trial by jury to the maximum extent permitted by law.

*/s/ Peter C. Grenier*

Peter C. Grenier

Dated: January 17, 2006